CHAS. WALTER ET AL. *vs.* F. K. WARD.

EQUITY. No. 8315.

{ Decided January 21, 1884.
{ The CHIEF JUSTICE and Justice Cox sitting.

1. In a case involving a question of law of great public interest and of great difficulty this court has sometimes directed a rehearing before the full court, but it has never been its practice so to refer questions of fact which have been once fully discussed.

2. In a case which was heard before more than a legal quorum of the court and which involved merely the application of well-settled and undisputed principles of law to the facts, the court announced its judgment without rendering an opinion ; *Held,* That the fact that no opinion was rendered afforded no ground to grant a motion for a rehearing before a full court.

3. A justice having no previous connection with a case, except to grant, at Special Term, a preliminary injunction on *ex parte* affidavits is not thereby disqualified to sit upon the final hearing of the case in General Term.

4. A decree may be amended so as to allow costs to the party entitled.

THE CASE is stated in the opinion.

RIDDLE & DAVIS for plaintiff.

R. ROSS PERRY for defendant.

Mr. Justice Cox delivered the opinion of the court.

In the case of Walter and others against Ward, a motion was made by the defendant for a reargument before a full court for the following reasons: First, because of the general interest in the question of law involved in the case ; secondly, because no opinion was pronounced by the court as to the law in the case ; thirdly, because Mr. Justice Hagner was disqualified to hear the same in General Term. It should be remarked here, that Mr. Justice Hagner declined to participate in the consideration of this motion. When a case argued before us involves a question of law of great public interest and of great difficulty, we have sometimes directed a rehearing before the full court. We have done so recently in the case of Justh *vs.* Holliday, which involves the legality of the purchase and sale of stocks on speculation, and perhaps in one or two other cases. But the present case is not of that character. It does not involve any question of law which is litigated or vexed, or about which

there was any discussion. The counsel for the complainant was disarmed as soon as he commenced to argue the law of the case by the disavowal on the part of the defence of any dissent from his position. There is, therefore, no question involved in the case which requires the determination of a full court. The only question is the application of very well settled principles of law to the facts. From beginning to end, it was simply an inquiry whether the establishment of the defendant in this case was, as a question of fact, a nuisance. It has never been our practice to refer a question of fact, which has once been fully discussed, to the full court; the business of the court does not admit of it. The case was heard at great length and very patiently before more than a legal quorum of the court, and before as many judges as are ordinarily assembled to hear any case. We have given it the fullest consideration we could, and we do not think we would be justified in arresting the business of the Special Term, for the sake of having the question of fact reviewed in a full court; the condition of business makes it almost impracticable, and we do not think it justified except in the case of a question of pressing public interest and great difficulty.

The second reason assigned is, because no opinion was pronounced by the court as to the law of the case. No opinion was pronounced, simply because there was no discussion or dispute about the law of the case; hence we were not called upon to render an opinion, and do not now feel called upon to do it.

The third reason assigned was, because Mr. Justice Hagner was disqualified to hear the case in General Term. That is quite a mistake. This was not an appeal from any order or decree rendered by Mr. Justice Hagner. He had no previous connection with the case, except to grant the preliminary injunction upon *ex parte* affidavits. Nobody imagines that the judge at Special Term who grants the preliminary injunction, would be thereby disqualified to hear the case at final hearing on pleadings and proof. Such a thing was never heard of. When the case was certified

to us in the first instance here, it was referred to the same judge and two other judges to do what he was qualified to do in the court below. There is no disqualification legally or morally. We are of opinion, therefore, that no sufficient reasons have been assigned for referring this case to a full court. We have given the case all the consideration that we could give it, but we are very glad that the way is open to the defendant to the Supreme Court of the United States.

At the same time that this motion was made, there was also a motion made on the part of the complainant to amend the decree by allowing costs. We had passed over that subject in giving the decree in the first instance, not being advised what the disposition of the parties was, and we did not know but that they would consent to divide the costs between them. Undoubtedly, the complainants are legally entitled to recover costs, if insisted upon. There was an understanding between the counsel that the cost of printing the record was to be divided. But the motion is made that the clerk allow the complainants their regular costs, to be taxed by the clerk, in the case, in addition to one-half of the cost of printing the record, which has been paid by the defendant, and which the complainants agreed to refund to him. We think that motion must be granted, and that disposes of the case.